08 CV 5344

JUDGE CEDARBAUM

DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
Tel.: (212) 489-8230
Fax: (212) 489-8340
Lacy H. Koonce (LHK 8784)
Monica Pa (MP 3307)

*Attorneys for Plaintiff Mistral Ventures, Inc.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

MISTRAL VENTURES, INC.

        Plaintiff,

    - against -

CYPHEREDGE TECHNOLOGIES, INC.

        Defendant.

------------------------------------------------------- x

2008 Civ. No.

**COMPLAINT FOR MONEY
JUDGMENT AND
FORECLOSURE OF
COLLATERAL**

      Plaintiff, Mistral Ventures, Inc. ("Mistral"), by its undersigned attorney, alleges as follows:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.     Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

2.     Plaintiff Mistral is, and at all times mentioned has been, a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Vancouver, British Columbia.

3.     Defendant Cypheredge Technologies, Inc. ("CTI") is, and at all times mentioned has been, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Bellevue, Washington.

4.     The amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Venue lies in this District, and this Court has personal jurisdiction over CTI, because CTI has consented to venue in the City, County and State of New York pursuant to a series of agreements between the parties.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.      Mistral and CTI are parties to a series of agreements executed on or about September 7, 2007, including a Bridge Loan Agreement, a Secured Promissory Note, and a Security Agreement (collectively referred to herein as "the Agreements").

7.      Paragraph 11 of the Bridge Loan Agreement provides that it is governed by New York law. It likewise includes a mandatory forum selection clause compelling the parties to submit to the exclusive jurisdiction of New York courts, and requiring all legal proceedings related to this agreement to be commenced in the state or federal courts in the city and county of New York.

8.      Similarly, paragraph 15 of the Security Agreement provides that it is governed by New York law. It likewise includes a mandatory forum selection clause compelling the parties to submit to the exclusive jurisdiction of New York courts, and requiring all legal proceedings related to this agreement to be commenced in the state or federal courts in the city and county of New York.

9.      Based on the contractual venue and choice of law clauses, this Court has jurisdiction over this action pursuant to New York General Obligation Law § 5-1402, New York Civil Practice Law and Rules § 327, and other federal and state law.

10.     Under the Agreements, Mistral loaned CTI a total of US$1,000,000 (One Million Dollars US).

11.    As set forth in the Security Agreement, CTI's obligations to Mistral were secured by a security interest in all of CTI's property and assets.

12.    Mistral properly perfected its security interest in CTI's property and assets, and has a priority claim to such property and assets.

13.    CTI was obligated to repay the amounts borrowed from Mistral with accrued interest no later than December 31, 2007.

14.    Despite repeated demand, CTI has failed to pay the amounts owing to Mistral.

15.    CTI is in default of its obligations to Mistral.

## FIRST CAUSE OF ACTION – SUIT ON PROMISSORY NOTE
## AND BRIDGE LOAN AGREEMENT

16.    Mistral incorporates and realleges paragraphs 1-15 hereof as if set forth fully herein.

17.    On September 7, 2007, pursuant to the Agreements, CTI executed and delivered to Mistral the Secured Promissory Note.

18.    By the terms of the Secured Promissory Note, CTI promised to pay to the order of Mistral the principal sum of $1 million, together with interest of 10% per annum, repayable in full plus accrued interest on December 31, 2007.

19.    By the terms of the Secured Promissory Note, CTI also agreed that, if "this Note is placed with an attorney for collection, the undersigned shall pay all of the [Mistral's] costs and expenses of collection, including reasonable attorneys' fees."

20.    The Secured Promissory Note provides that "Presentment, protest, notice of protest and notice of dishonour are hereby waived."

21.     The Secured Promissory Note was due on December 31, 2007. Despite Mistral's demands for payment, CTI has defaulted under the terms of the Secured Promissory Note and Bridge Loan Agreement, and has failed to pay Mistral the entire amount of principal and accrued interest.

22.     Based on the foregoing allegations, Mistral is entitled to a money judgment on the Secured Promissory Note and Bridge Loan Agreement, including interest, attorneys fees and costs of collection.

## SECOND CAUSE OF ACTION – FORECLOSURE OF COLLATERAL

23.     Mistral incorporates and realleges paragraphs 1-22 hereof as if set forth fully herein.

24.     The collateral described in the Security Agreement as securing the debt is as follows:

> Borrower hereby grants to Lender a security interest in all of the Borrower's right, title and interest in and to all of the Borrower's personal property and assets including without limitation the following property, including without limitation any and all additions, accessions and substitutions thereto or therefor, whether now held or hereafter acquired (hereinafter called the "Collateral"): (a) accounts; (b) instruments; (c) documents; (d) chattel paper; (e) supporting obligations; (f) letter of credit rights; (g) equipment; (h) fixtures; (i) general intangibles; (j) inventory; (k) investment property; (l) deposit accounts; (m) cash, money, currency, and liquid funds, wherever held; (n) goods; (o) intellectual property; and (p) all proceeds of each of the foregoing (the "Proceeds"), to secure payment and performance of all of the Borrower's present or future debts or obligations to the Lender, whether absolute or contingent.

25.     CTI defaulted under the terms of the Agreements by failing to pay Mistral the entire amount of the principal and accrued interest when the same was due.

26.    Mistral is entitled to enforce its security interest under the Security Agreement, and is entitled to possession and sale of all of the collateral secured by that security interest, as well as the proceeds therefrom.

WHEREFORE, Mistral prays for the following relief:

A.    That monetary judgment be entered in its favor for the amounts owing under the Secured Promissory Note and Bridge Loan Agreement;

B.    For judgment enforcing and foreclosing Mistral's security interest, and ordering the possession and sale of the collateral secured by that security interest; and

C.    For such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
       June 11, 2008

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
    Lacy H. Koonce, III (LK 8784)
    Monica Pa (MP 3307)

1633 Broadway
New York, NY  10019
(212) 489-8230

*Attorneys for Plaintiff*
*Mistral Ventures, Inc.*

Of Counsel:

Brad Fisher
Davis Wright Tremaine, LLP
1201 Third Avenue – Suite 2200
Seattle, WA  98101-3045